IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In Re | Chapter 7 |
|---|---|
| GEORGE C. VanGUILDER, | Case No. 05-1172-SSC |
| Debtor. | |
| | MEMORANDUM DECISION |
| | (OPINION TO POST) |

**I. Introduction**

This matter comes before the Court on the Trustee's February 1, 2005 Objection to Claimed Exemption and Motion for Turnover of Property of the Estate. The Debtor, George C. VanGuilder, filed his Response on April 8, 2005. On April 18, 2005, the Court held oral argument on the motions. At the conclusion of the hearing, the Court took the matter under advisement. The Debtor has recently filed a Motion to Convert this case to one under Chapter 13.

In this Memorandum Decision, the Court has now set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2005).

**II. Factual Background**

The relevant facts in this matter are undisputed. The Debtor filed his Chapter 7

petition on January 26, 2005. The Debtor is a retired police officer from New York. As part of his retirement, the Debtor received a pension from the State of New York. The Debtor chose to receive a lump sum payment of his pension and to use the proceeds to purchase two parcels of land in New York. He resold the real property, providing the purchase money financing on at least one parcel of real estate. As a result, one of the assets of this estate is a promissory note in which Danny Johnson is the maker and the Debtor is the payee. The Note is secured by a deed of trust on the real property in favor of the Debtor. This Collateralized Note has an estimated principal amount of $15,000.00 still due and owing on it. The Debtor receives a payment of approximately $350 a month on the Note, which payment is not always received in a timely manner. When the Debtor does receive any payments on the Note, the funds are placed into an IRA account. The Debtor has made at least one payment into his IRA account post-petition, and a number of payments have been placed into the IRA account pre-petition. Since the Debtor also listed the payments under the Collateralized Note as being part of a pension that he receives as his income, the Debtor may have been withdrawing all or a portion of the funds placed in the IRA account to meet living expenses. Under New York law, the Debtor's pension and the Collateralized Note are not exempt property.

### III. Discussion

The Debtor claims that the funds received from the Collateralized Note are exempt under Arizona Law. A.R.S. § 9-911, et seq., establish rules governing the creation and payment of Arizona police pensions. Pursuant to A.R.S. § 9-931, "[n]o pension allowed under this article shall be subject to garnishment, attachment judgment, execution, or other legal process." The Debtor argues that this Section applies to him. The Debtor is incorrect for a number of reasons.

First, the asset in question is *not* an Arizona police pension. According to the Debtor, the Collateralized Note resulted from the sale of real property in New York, which real property was purchased with monies received from his New York police pension. Under the terms of the statute, Arizona recognizes a "police pension." A.R.S. § 9-912. A careful reading

- 2 -
Case 2:05-bk-01172-RTBP    Doc 24    Filed 06/02/05    Entered 06/06/05 09:51:01    Desc
               Main Document      Page 2 of 5

of § 9-931 shows the importance of the phrase, "[n]o pension *allowed under this article* shall be subject to garnishment..." (emphasis added). The Debtor has not shown how a Collateralized Note, a twice removed transaction from his actual pension, qualifies as a "police pension" under Arizona law. Simply put, the Debtor's claimed pension does not meet the requirements of Arizona law.

The Debtor next suggests that Federal law, as it pertains to the doctrine of full faith and credit, requires the Court to treat the Collateralized Note as a pension under Arizona law. Federal Courts are required to give full faith and credit to Acts, records, and judicial proceedings of States and States' Courts. 28 U.S.C.A. §1738; *See also* Valley Nat. Bank of Arizona v. A.E. Rouse & Co., 121 F.3d 1332 (9th Cir. 1997). However, the Debtor has not shown how full faith and credit applies in this proceeding. There is no New York State judgment, and there are no judgments, records, or judicial proceedings of any State, for this Court to enforce. Second, the Debtor has conceded that the Collateralized Note, or even the original lump sum payment on the police pension, are not exempt under New York law. If the Court were to follow New York law, the Debtor would not be entitled to an exemption. So it is unclear how such an argument advances the Debtor's position. In turn, if this Court were to apply Arizona law, because the case was filed here and the Debtor resides here, the Debtor does not meet the terms and conditions of Arizona law, as noted previously. As shown *supra*, the Collateralized Note is not exempt under Arizona law as a police pension. In the end, there is no basis for deeming the Collateralized Note exempt by applying the principles of full faith and credit.

Recently, the Supreme Court in the decision of Rousey v. Jacoway, 125 S.Ct. 1561 (2005), ruled that IRAs qualify as exempt assets under 11 U.S.C.A. §522(d)(10)(E). The Debtor argued, at oral argument on the Trustee's Objection to the Debtor's claim of exemption, that this ruling entitles him to the exemption.

Unfortunately, since Arizona is an opt-out jurisdiction from the Federal

Case 2:05-bk-01172-RTBP    Doc 24    Filed 06/02/05    Entered 06/06/05 09:51:01    Desc
Main Document    Page 3 of 5

exemptions, such as those listed under §522(d)(10),[1] the Debtor would not be entitled to rely on the Subsection analyzed by the Supreme Court in <u>Rousey</u>. Instead, the Debtor would need to show this Court that the IRA qualified as being exempt under Arizona law.

Even if the Debtor could meet all of the applicable requirements outlined by the Court in <u>Rousey</u> as to IRAs in general, and could meet the requirements to show that his IRA was exempt under Arizona law, this State's law disqualifies any payments made to an IRA, or similar account, within 120 days of the Debtor filing his bankruptcy petition. A.R.S. §33-1126(C) (West 2005) provides, in relevant part, that:

> [a]ny money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan . . . shall be exempt from any and all claims of creditors of the beneficiary or the participant. This subsection shall not apply to any of the following:
> .........
> 2. Amounts contributed within one hundred twenty days before a debtor files for bankruptcy.

The parties were unable to provide this Court with any information as to what funds still remain in the Debtor's IRA account. The parties did agree that the Debtor had placed several pre-petition payments from the Collateralized Note and at least one post-petition payment into the IRA. Given the information presented at the hearing, the Court must assume that any funds remaining in the Debtor's IRA were funds placed into that account within 120 days of the Debtor filing his petition or were placed into the account by the Debtor post-petition. Thus, the Debtor, on this record, would normally turn over those pre-petition payments made into the IRA account, since they are not entitled to an exemption under Arizona law. However, as noted at the beginning of this Decision, the Debtor has just filed a Motion to Convert and is in the process of converting this case to one under Chapter 13. Under Chapter 13, it is possible that the Debtor propose a plan that would allow him to retain such non-exempt assets and provide for the payment to creditors over a period of time to meet the Chapter 7 reconciliation required to confirm a plan under Chapter 13. Therefore, it is the Court's belief that given the current posture of this case, a further

---

**1.** A.R.S.§33-1133(B)(West 2005). The residents of Arizona are not entitled to any of the Federal exemptions listed in Section 522(d).

hearing should be held on the turnover issue.

As to any post-petition payments made by the Debtor into the IRA account, such funds would normally be turned over to the Trustee, since the Debtor would be transferring payments from the Collateralized Note, a non-exempt asset and property of this estate, into an account over which only the Debtor had control. Such control by the Debtor over a bankruptcy estate asset would normally be subject to avoidance by the Trustee under 11 U.S.C. §549. However, it is also possible that the Debtor could consider any payments to made to him under the Collateralized Note to be a non-exempt asset that he wishes to retain. Again, this would require the Debtor to make substantial payments to his creditors over time in a Chapter 13 plan to meet the Chapter 7 reconciliation as to these post-petition payments. Again, the Court needs to set a further hearing on how such payments should be handled.

### IV. Conclusion

Based on the foregoing, the Court concludes that the Trustee's Objection to Claimed Exemption is GRANTED. The Court will set a further hearing on the Motion for Turnover given the current posture of this case. The Court will execute a separate order incorporating this Memorandum Decision.

DATED this 2nd day of June, 2005.

_____
Honorable Sarah Sharer Curley
Chief U. S. Bankruptcy Judge

BNC TO NOTICE